1  Deborah L. Raymond, SBN 173528
   LAW OFFICES OF DEBORAH L. RAYMOND
2  380 Stevens Ave., Suite 205
3  Solana Beach, CA 92075
   Telephone Number: (858) 481-9559
4  -IN ASSOCIATION WITH-
   Terryl B. O'Donnell, SBN 69237
5  WILLIAMS & O'DONNELL
6  7040 Avenida Encinas, 104-224
   Carlsbad, CA 92011
7  Telephone Number: (760) 931-8530

8  Attorneys for Plaintiff Sallie A. Durham

9

10                    UNITED STATES DISTRICT COURT

11                   SOUTHERN DISTRICT OF CALIFORNIA

12

13  SALLIE A. DURHAM, an individual on        CASE NO. 07cv1763BTM (WMc)
    behalf of herself and all others similarly
14  situated,                                 **FIRST AMENDED CLASS ACTION
                                              COMPLAINT** FOR VIOLATIONS OF THE
15          Plaintiffs,                       FEDERAL FAIR DEBT COLLECTION
                                              PRACTICES ACT; THE CALIFORNIA
16  vs.                                       ROSENTHAL ACT; AND
                                              **DEMAND FOR JURY TRIAL**
17
    CONTINENTAL CENTRAL CREDIT, a
18  California corporation; SAN               [15 U.S.C. §§1692 et seq., California Civil
    CLEMENTE COVE VACATION                    Code §§ 1788 et seq.]
19  OWNERS ASSOCIATION, A California
20  corporation; VACATION RESORTS
    INTERNATIONAL, INC., a California
21  corporation; and DOES 1-10, inclusive,

22          Defendant(s).
23

24

25  ////

26  ////

27  ////

## I. INTRODUCTION

1. This First Amended Class Action Complaint ("FAC") arises from the defendants' pattern and practice of adding unfair, unreasonable, and unlawful collection fees to certain debts that they attempt to collect, imposing an unconscionable penalty on consumers from whom those certain debts are collected, and thereby violating the Federal Fair Debt Collection Practices Act, 15 USC §§1692 et seq. ("Federal Act") and the California Rosenthal Act, Cal. Civ. Code §§ 1788 et seq. ("Rosenthal Act") by making false, deceptive, and misleading representations in connection with the collection of a debt and using unfair or unconscionable means to collect or attempt to collect a debt. In addition, defendant Continental Central Credit failed to effectively provide the notice of debt validation rights in violation of the Federal Act and the Rosenthal Act. Plaintiff **DOES NOT** seek to apply standards governing homeowners' associations, as set forth in Cal. Civ. Code §1366.1, to any defendant that is not an "association" within the meaning of Cal. Civ. Code §1351(a). **Plaintiff demands a jury trial.**

## II. JURISDICTION

2. Jurisdiction of this court arises under 15 U.S.C. Sections 1692k(d) and 28 U.S.C. Sections 1331, 1337, and under the doctrine of pendant jurisdiction as set forth in <u>United Mine Workers v. Gibbs</u>, 383 U.S. 715 (1966). Venue is proper in the Southern District because two defendants maintain principal offices in the County of San Diego within the Southern District.

## III. PARTIES

3. Plaintiff, SALLIE A. DURHAM (hereinafter "Plaintiff"), is a natural person residing in the County of Orange, California. Plaintiff brings this action both in her individual capacity and on behalf all others similarly situated.

4. Plaintiff is informed and believes and thereon alleges that at all times mentioned in

this FAC, Defendant, SAN CLEMENTE COVE VACATION OWNERS ASSOCIATION (the "Association") was and is a California Corporation with its principal place of business in the city of Carlsbad, County of San Diego, State of California. Plaintiff is further informed and believes and thereon alleges that in the normal course of its business, the Association assesses and receives association fees from its members for services the Association renders. Plaintiff is further informed and believes and thereon alleges that the association fees are consumer credit transactions in that the Association's services are acquired on credit in that they are billed on a periodic basis after the services were rendered. Plaintiff is informed and believes, and thereon alleges that the Association engaged in debt collection by ratifying and approving the unlawful acts of the other defendants rendering the Association a debt collector as defined in Cal. Civil Code §1788.2(c).

5. Plaintiff is informed and believes, and thereon alleges that at all times mentioned in this FAC, defendant VACATION RESORTS INTERNATIONAL ("VRI") was and is a California corporation with its principal offices located in Laguna Hills, County of Orange, State of California. Plaintiff is further informed and believes and thereon alleges that VRI was and is a management company for the Association and with whom the Association contracted to manage, process reservations, and assess bills and collection fees relating to the resort's operations. Plaintiff is further informed and believes and thereon alleges that at a specific time unknown, but sometime after Plaintiff purchased the time-share, VRI was involved in the collection efforts against Plaintiff and others similarly situated, and was and is a debt collector as defined in 15 U.S.C. §1692a and Cal. Civil Code §1788.2(c).

6. Plaintiff is informed and believes and thereon alleges that at all time mentioned in this FAC, defendant Does 1 through 3 were and are corporations or other entities of unknown form engaged in the business of providing management services to the Association, including arranging or engaging in the collection of past due Association fees, and were and are debt collectors as defined

Durham v. Continental Central Credit et al.
Case No. 07cv1763BTM (Wmc)

3

First Amended
Class Action Complaint

in 15 U.S.C. §1692a and/or Cal. Civil Code §1788.2(c).

7. Plaintiff is informed and believes and thereon alleges that at all times mention in this FAC, defendant Continental Central Credit ("CCC") was and is a California corporation engaged in the business of collecting money for others, with its principal place of business located in the city of Carlsbad, County of San Diego, State of California, and was and is a debt collector as defined in 15 U.S.C. §1692a and Cal. Civil Code §1788.2(c). Plaintiff is further informed and believes and thereon alleges that at all times mentioned in this FAC, CCC was engaged by the Association or its agents to collect fees from the Association's members.

8. The true names and capacities, whether corporate, individual, or other of the defendants sued herein as Does 1 through 10 are presently unknown to Plaintiff who therefore sues said defendants by such fictitious names. Plaintiff will seek leave to amend this FAC to reflect the true names and capacities of said fictitiously named defendants when the same have been ascertained. Plaintiff is informed and believes and thereon alleges that each of the fictitiously named defendants is responsible for or participated in the acts complained of herein.

9. Plaintiff is informed and believes and thereon alleges that at all times mentioned in this FAC, each of the defendants were the agent, employee, independent contractor or co-conspirator of each co-defendant, and in doing the things herein alleged was acting within the course and scope of such capacity with the full knowledge and consent of each said co-defendant.

## IV. COMMON FACTUAL ALLEGATIONS

10. Plaintiff incorporates the allegations in Paragraphs 1 through 9 above with the same force and effect as if herein set forth.

11. In 2002, Plaintiff became the owner of a timeshare interest in real property located at San Clemente Cove, a timeshare development in the County of San Diego, State of California. Plaintiff acquired such interest pursuant to a written contract. The timeshare was acquired for her and

Durham v. Continental Central Credit et al.
Case No. 07cv1763BTM (Wmc)

4

First Amended
Class Action Complaint

her family's personal use and enjoyment. Plaintiff is informed and believes and thereon alleges that her interest was foreclosed upon by a yet unknown third party.

12. Plaintiff is informed and believes and thereon alleges that on a date presently unknown to her, certain amounts were assessed or allegedly assessed against her by the Association for services rendered or allegedly rendered by the Association and for Association's membership fees, under the authority of the written rules and by-laws of the Association.

13. Plaintiff is informed and believes and thereon alleges that on a date presently unknown to her, the Association referred such assessments against her to CCC for collection.

14. Plaintiff is informed and believes and thereon alleges that the written rules of the Association provide that the Association is entitled to recover reasonable collection costs incurred by it in the collection of delinquent assessments.

15. Plaintiff is informed and believes and thereon alleges that at all times mentioned in this FAC the Association, VRI, and CCC had an agreement that neither VRI nor CCC would charge the Association any collection fees, but would instead add a 40% collection fee, or someother arbitrary fee CCC named a "Coll fee", to the amount of each delinquent assessment referred to them by the Association for collection, and would collect that 40% collection fee or "Coll fee" from the debtors. Plaintiff is further informed and believes and thereon alleges that CCC had an agreement with VRI to kickback a portion of any collection fees collected by CCC for assessments referred to them by the Association for collection.

16. On or about September 11, 2006, Plaintiff received an "Important Notice" dated 09-11-06 from CCC, which demanded payment in the "Total" amount of $1,890.55, which consisted of "Principal" in the amount of $1,339.45, "Interest" in the amount of $15.04, and a "Coll fee" in the amount of $535.78, which represented 40% of the "Principal" amount. The September 11, 2006 notice was the first written communication between Plaintiff and CCC. A redacted copy of the

September 11, 2006 notice is herein attached and incorporated by reference as Exhibit "A".

17. On or about October 9, 2006, Plaintiff received a second collection demand from CCC. The October 9, 2006 notice, entitled "NOTICE OF INTENT", demanded payment in the "Total" amount of $1,900.55, which consisted of the same "Principal" amount of $1,339.45, "Interest" in the amount of $25.32, and the same "Coll fee" in the amount of $535.78, which again represented 40% of the "Principal" amount. The amount of the "Coll fee" remained the same for both the first and second notices attempting to collect the alleged debt. In addition, the Notice Of Intent, which was received by Plaintiff less than 30 days from when she received Exhibit "A", stated that "[t]o prevent further collection efforts, **payment in full is required <u>immediately</u>**" {emphasis added} A true copy of the October 9, 2006 notice is herein attached and incorporated by reference as Exhibit "B".

18. Within thirty (30) days of the date of the second notice, Plaintiff disputed the alleged debt in writing, and demanded verification thereof from CCC. A true copy of Plaintiff's dispute letter dated October 17, 2006 is herein attached and incorporated by reference as Exhibit "C".

19. CCC ignored Plaintiff's dispute and request for verification of the alleged debt.

20. Plaintiff is informed and believes and thereon alleges that CCC, pursuant to agreement with its clients, and pursuant to its own established business practices, routinely makes a practice of adding a 40% collection fee or a "Coll fee" to debts it collects or attempts to collect from debtors.

21. Plaintiff is informed and believes and thereon alleges that CCC's practice is to add the 40% collection fee or the "Coll fee" to the amount of the debt at the time of assignment or prior to its first communication with the debtor without regard to the actual collection costs incurred. As such, the 40% collection fee or the "Coll fee" is arbitrary and bears no relationship to the actual cost of collection, and is, therefore, unreasonable and unconscionable.

*Durham v. Continental Central Credit et al.*
Case No. 07cv1763BTM (Wmc)                    6                    First Amended
                                                                    Class Action Complaint

22. Plaintiff is informed and believes and thereon alleges that Defendants intentionally added the arbitrary collection fee to debts they were attempting to collect for the express purpose of attempting to collect unfair and unreasonable collection fees from consumer debtors, attempting to imposing unfair penalties on consumer debtors, and attempting to cause consumer debtors to bear a portion of the collection expenses attributable to debtors from whom no collections were effected, thereby requiring consumer debtors to be responsible for the economic well being of CCC, VRI, and the Association.

## V. CLASS ACTION ALLEGATIONS

23. Plaintiff brings this class action pursuant to Rule 23 of the Federal Rules of Civil Procedure in her representative capacity on behalf of herself and a class (the "Class") of all others similarly situated.

24. The Class that Plaintiff seeks to represent is defined as all persons:

I. From whom a collection fee that bears no relation to the actual cost of collection was demanded by any Defendant, or 2) a percentage collection fee was demanded by any Defendant, or 3) an arbitrary collection fee was demanded by any Defendant, during the one year period preceding the filing of this action (the "Class Period"); and/or

II. Who received correspondence from any Defendant, within the 30 day period after receiving the "Notice of Debt", containing language that is or is similar to the statement, "payment in full is required immediately," during the Class Period.

25. The nationwide Class comprises two Subclasses: (i) all Class members who are California residents (the "California Subclass); and (ii) all Class members who are "consumers" within the meaning of 15 USC §1692(3) (the "FDCPA Subclass").

26. Specifically excluded from the proposed Class are the Court and its staff, Defendants, any entity in which any of the Defendants have a controlling interest, and the officers,

directors, affiliates, legal representatives, heirs, successors, subsidiaries, and/or assigns of any such individual or entity, or any person who has already filed an individual action asserting such claims.

27. Plaintiff meets the prerequisites of Rule 23(a) to bring this action on behalf of the Class because:

a. NUMEROSITY: The Class consists of thousands of individuals and is so numerous that joinder of all members as individual plaintiffs is impracticable.

b. COMMONALITY: There are questions of law and fact common to the Class. Such common questions include, but are not limited to:

i. Whether the collection fee demanded by Defendant(s) from Class members was based on actual collection costs incurred;

ii. Whether the collection fee demanded by Defendant(s) from Class members was arbitrary and unreasonable;

iii. Whether the collection fee demanded by Defendant(s) from Class members was authorized by contract or by law;

iv. Whether the demand of the collection fee by Defendant(s) from Class members constituted the use of unfair or unconscionable means to attempt to collect a debt;

v. Whether the demand for the collection fee constituted a misrepresentation of the amount or character of a debt;

vi. Whether the statement, "payment in full is required immediately" made to Class members within thirty days after receipt of the "notice of debt" contradicts or overshadows the debt validation notice;

vii. Whether the statement, "payment in full is required immediately" made to Class members within thirty days after receipt of the "notice of debt" makes the debt validation notice ineffective; and

viii. Whether, as a result of Defendant(s) misconduct, Plaintiff and the Class are entitled to damages, restitution or equitable relief, and if so, the amount and nature of such relief.

c. TYPICALITY: Plaintiff's claims are typical of the claims of the Class members because they are based on the same factual, legal and remedial theories as the claims fo the Class.

d. ADEQUACY: Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff has retained competent litigation counsel experienced in the Fair Debt Collection Practices Act, the Rosenthal Act, and class action litigation. Plaintiff has no interest that are antagonistic to, or in conflict with, the members of the Class.

e. SUPERIORITY: The Class and Subclasses are readily definable. A class action is superior to other methods for the fair and efficient adjudication of this controversy. Since the size of an individual Class member's damages may be relatively small in comparison to the expense and burden of litigation, it would be impracticable and not economically feasible for members of the Class to seek redress individually. Prosecution of individual claims by members of the Class, even if possible, would create a risk of inconsistent or varying adjudications with respect to individual Class members against Defendants, could impose inconsistent standards of conduct on the Defendants, and would result in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. Therefore, a class action is the only method whereby Plaintiff and members of the Class can efficiently seek complete redress and obtain a uniform adjudication of claims.

### FIRST CAUSE OF ACTION
### VIOLATION OF THE FEDERAL
### FAIR DEBT COLLECTION PRACTICES ACT
(Against Defendants CCC and VRI Only)

28. Plaintiff incorporates the allegations in Paragraphs 1 through 27 above with the

same force and effect as if herein set forth.

29. Defendants violated the **Federal Fair Debt Collection Practices Act** as follows:

29.1. 15 USC Section 1692e(2)(A): By using false, deceptive, and misleading means in connection with the attempt to collect a debt by adding an unlawful collection fee to the alleged debt and thereby making a false representation of the amount of the alleged debt;

29.2. 15 USC Section 1692e(2)(B): By using false, deceptive, and misleading means in connection with the attempt to collect a debt by the false representation of services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt;

29.3. 15 USC Section 1692e(1): By using false representations or deceptive means to collect or attempt to collect a debt or to obtain information concerning a consumer;

29.4. 15 USC Section 1692f: By using unfair or unconscionable means to collect or attempt to collect a debt;

29.5. 15 USC Section 1692f(1): By collecting or attempting to collect amounts, including a collection fee that bears no relation to the actual cost of collection, not expressly authorized by the agreement creating the debt or permitted by law; and

29.6. 15 USC Section 1692g: By failing to effectively provide a "Notice of Debt".

30. Plaintiff is informed and believes and thereon alleges that unless restrained from doing so, Defendants will continue to violate the Federal Act by continuing to demand and collect an arbitrary and unreasonable collection fee against consumer debtors whose accounts are referred to CCC for collection by homeowners' associations or their agents and continuing to fail to effectively provide the "Notice of Debt".

31. As a result of Defendants' violations, Plaintiff as an individual is entitled to recover damages according to proof along with statutory damages in an amount not to exceed

*Durham v. Continental Central Credit et al.*  
Case No. 07cv1763BTM (Wmc)     10     First Amended  
Class Action Complaint

$1,000.00. Class members are entitled to recovery damages according to proof along with statutory damages in an amount not to exceed the lesser of $500,000.00 or 1% of the net worth of defendants VRI and CCC. Plaintiff and the Class are further entitled to recover reasonable attorneys' fees and costs.

## SECOND CAUSE OF ACTION
## VIOLATION OF THE ROSENTAL ACT
(Against All Defendants)

32. Plaintiff incorporates the allegations in Paragraphs 1 through 31 above with the same force and effect as if herein set forth.

33. Defendants violated the **Rosenthal Act** as follows:

33.1. Cal. Civ. Code Section 1788.17: By violating sections 1692e(2)(A), 1692e(2)(B), 1692e(1), 1692f, 1692f(1), and 1692g of the Federal Act; and

33.2. Cal. Civ. Code Section 1788.13(e): By falsely representing that the alleged debt may be increased by the addition of fees or charges, when in fact such fees or charges may not legally be added to the existing obligation.

34. Plaintiff is informed and believes and thereon alleges that unless restrained from doing so, Defendants will continue to violate the Rosenthal Act by continuing to demand and collect an arbitrary and unreasonable collection fee against consumer debtors whose accounts are referred to CCC for collection by homeowners' associations or their agents.

35. As a result of Defendants' violations, Plaintiff as an individual is entitled to recover damages according to proof along with statutory damages in an amount not less than $100.00 and not more than $1,000.00. Class members are entitled to recovery damages according to proof along with statutory damages in an amount not to exceed the lesser of $500,000.00 or 1% of the net worth of defendants VRI and CCC. Plaintiff and the Class are further entitled to recover reasonable

attorneys' fees and costs.

36. In addition, Plaintiff and the Class are entitled to a declaration of this Court that the conduct of Defendants constitutes violations of the Rosenthal Act, for an order enjoining such conduct in the future, and for reasonable attorneys' fees and costs as is provided by statute. Plaintiff is informed and believes and thereon alleges that an injunction is appropriate inasmuch as in its absence, Defendants' violations of the Rosenthal Act will continue.

**WHEREFORE,** Plaintiff, on behalf of herself and the Class prays for a judgment against Defendants as follows:

1) For an order certifying that the action may be maintained as a class action, on behalf of the proposed Class and any Subclass(es) the Court may deem appropriate;

2) For an award of statutory damages to Plaintiff and other members of the Class pursuant to the Federal Fair Debt Collection Practices Act and the Rosenthal Act;

3) For an order enjoining defendants from engaging in the conduct complained of;

4) For damages according to proof;

5) For an award of reasonable attorneys' fees and costs provided for by statute; and,

////

////

Durham v. Continental Central Credit et al.
Case No. 07cv1763BTM (Wmc)

12

First Amended
Class Action Complaint

| | | |
|---|---|---|
| 1 | 6) | Such Other and Further Relief as the Court may deem |
| 2 | | just and proper under the circumstances. |

Date: 11/30/2007

                                                                           /s/ Deborah L. Raymond  
                                                                           Deborah L. Raymond, Esq.  
                                                                           California State Bar No. 173528  
                                                                              Attorney for Plaintiff

380 Stevens Avenue, Suite 205  
Solana Beach, CA 92075  
(858) 481-9559

## DEMAND FOR JURY TRIAL

      Please take notice that plaintiff, Sallie A. Durham, on behalf of herself and the Class demands trial by jury on all issues triable.

Date: 11/30/2007

                                                                           /s/ Deborah L. Raymond  
                                                                             Deborah L. Raymond  
                                                                             Attorney For Plaintiff

*Durham v. Continental Central Credit et al.*  
Case No. 07cv1763BTM (Wmc)          13          First Amended  
Class Action Complaint

REDACTED

```
CONTINENTAL CENTRAL CREDIT, INC.    FOR: SAN CLEMENTE COVE HOA
1817 ASTON AVE SUITE 105                  A NON-PROFIT CORPORATION
PO BOX 131120                             F10509C
CARLSBAD, CA 92008                        Principal :  $   1339.45
800 525-6000  760 931-7799                Interest  :  $     15.04
                                          Coll fee  :  $    535.78
                                          Total     :  $   1890.27

                              File #                Date: 03-11-06
                              3067702               Contact: PAT SMITH

YOUR ACCOUNT HAS BEEN ASSIGNED TO US FOR IMMEDIATE COLLECTION. PLEASE REMIT THE BALANCE IN FULL OR PRESENT YOUR DEFENSE
AGAINST THIS CLAIM. THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

SALLIE A DURHAM
24161 HOLLYOAK A
ALISO VIEJO CA 92656


ALL CHECKS RETURNED FOR NON-SUFFICIENT FUNDS WILL BE CHARGED A $25.00 FEE.
           (SEE OTHER SIDE FOR IMPORTANT MESSAGE)    RETAIN THIS PORTION FOR YOUR RECORDS
```

**IMPORTANT NOTICE!**
THIS HAS BEEN SENT TO YOU BY A COLLECTION AGENCY.
NOTICE - THE FEDERAL LAW REQUIRES WE INFORM YOU THAT THIS IS AN ATTEMPT TO
COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

**EXHIBIT "A"**

CONTINENTAL CENTRAL CREDIT, INC
1817 ASTON AVE SUITE 105
P.O. BOX 131120
CARLSBAD CA 92008
(760) 931-7799
(800) 525-6000

SALLIE A DURHAM         File #                      Date: 10-09-06
24161 HOLLYOAK A        3067702
ALISO VIEJO CA 92656

Principal  : $  1339.45      Claim(s) of:
Interest   : $    25.32      SAN CLEMENTE COVE HOA
Court cost : $     0.00      A NON-PROFIT CORPORATION
Atty fees  : $     0.00
Coll fees  : $   535.78
Total      : $  1900.55

## N O T I C E   O F   I N T E N T
* * * * * * * * * * * * * *

The above-referenced claim has been assigned to our firm. Because
you have failed to comply with our request for payment, we may refer
this account to our attorney for legal action, should he deem it
appropriate. To prevent further collection efforts, payment in full
is required immediately.

If you choose to ignore this notice then:

In the event judgment is rendered against you, sheriff fees for service
of summons and complaint, legally allowed by the court, can be included
in said judgment. Also, attorney fees will be charged if provided by
contract. Interest will accrue at statute rates.


Sincerely,


Continental Central Credit, Inc.
Collection Agency
Desk:  5



THIS HAS BEEN SENT TO YOU BY A COLLECTION AGENCY. ALL ACCOUNTS ASSIGNED
FOR COLLECTION MAY BE REPORTED TO EXPERIAN, CBI AND TRANS UNION CREDIT
BUREAUS. THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED
WILL BE USED FOR THAT PURPOSE.

CREDITOR                          AMOUNT    INTEREST    FEES      TOTAL

**EXHIBIT "B"**

```
CONTINUED FOR: DURHAM, SALLIE A    ACCT# 3067702
     CREDITOR                      AMOUNT   INTEREST      FEES      TOTAL
SAN CLEMENTE COVE HOA            1,339.45      25.32    535.78   1,900.55

        TOTAL                    1,339.45      25.32    535.78   1,900.55
```

**EXHIBIT "B"**

October 17, 2006
Sallie A. Durham
24161 Hollyoak, #A
Aliso Viejo, CA 92656

Continental Central Credit, Inc.
Attn: Pat Smith
1817 Aston Ave., Suite 105
P.O. Box 131120
Carlsbad, CA 92008

Re: San Clemente Cove HOA
Your File# 3067702
Notice dated 09-11-06
DISPUTED DEBT amount $1,890.27

Dear Pat Smith:

I am in receipt of your collection notice dated 09-11-06. Be advised that I dispute the debt and demand verification.

I do not understand what this is about. The San Clemente Cove timeshare was foreclosed upon several years ago. Please provide a detailed accounting of what you claim I owe.

Do not contact me by telephone, all communications must be in writing and directed to my above address.

Sincerely,

Sallie A. Durham

**EXHIBIT "C"**