Deborah L. Raymond, SBN 173528
LAW OFFICES OF DEBORAH L. RAYMOND
445 Marine View Avenue, Suite 305
Del Mar, CA 92014
Telephone Number: (858) 481-9559

O. Randolph Bragg
HORWITZ, HORWITZ & ASSOCIATES
25 East Washington Street, Suite 900
Chicago, IL 60602
(312) 372-8822

Attorneys for Plaintiff Sallie A. Durham

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SALLIE A. DURHAM, an individual on behalf of herself and all others similarly situated,<br><br>   Plaintiffs,<br><br>vs.<br><br>CONTINENTAL CENTRAL CREDIT, a California corporation; SAN CLEMENTE COVE VACATION OWNERS ASSOCIATION, A California corporation; VACATION RESORTS INTERNATIONAL, INC., a California corporation; and DOES 1-10, inclusive,<br><br>   Defendant(s). | CASE NO.  07cv1763BTM (WMc)<br>CLASS ACTION<br><br>**MEMORANDUM IN SUPPORT OF PLAINTIFF'S SECOND MOTION FOR CLASS CERTIFICATION**<br><br>**Hearing:**<br>**Date:**<br>**Time:**<br>**The Honorable Barry Ted Moskowitz**<br><br>**[Per Chambers, No Oral Argument Unless Requested By The Court]** |

F:\R\Durham\Class\Memorandum 2d 3.wpd                Page 1

On October 20, 2009, Plaintiff's Motion for Class Certification was denied without prejudice. *Durham v. Cont'l Cent. Credit*, 2009 WL 3416114, *8 (S.D.Cal., Oct. 20, 2009). Plaintiff now files her second motion for class certification.

## I.  NATURE OF THE CASE

Plaintiff Sallie A. Durham brings this case as a class action against Defendant Continental Central Credit, Inc. (hereinafter "CCC") for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§1692 *et seq.* (hereinafter "FDCPA"), which prohibit debt collectors in an attempt to collect a debt from overshadowing the validation notice.

Pursuant to Rule 23 of the Federal Rules of Civil Procedure Ms. Durham now files her Second Motion for Class Certification. The class (referred to as the Overshadowing or Contradicting Class) is defined as (i) all natural persons with California addresses to whom (ii) Defendant CCC sent a letter in the form of Exhibit B (attached to the First Amended Complaint) (iii) within thirty (30) days of sending the letter in the form of Exhibit A (attached to the First Amended Complaint) as shown by the records of Defendant CCC (iv) on or after September 7, 2006 (a date one year prior to the filing of this action) (v) in an attempt to collect a debt incurred for personal, family, or household purposes allegedly due on a nonprofit home owners or vacation owners association fees (vi) which was not returned by the U.S. Postal Service.

This Memorandum is submitted in support of Plaintiff's Second Motion for Class Certification.

## II.  PLAINTIFF'S CLAIMS

In her First Amended Class Action Complaint (hereinafter "FAC"), Ms. Durham alleges that it was CCC's policy and practice to send letters in the form of Exhibit B within thirty (30) days of mailing a letter in the form of Exhibit A. This Court has found that CCC violated the FDCPA by contradicting and

overshadowing the validation notice in violation of 15 U.S.C. §§1692e(10) and g. *Durham v. Cont'l Cent. Credit*, 2009 WL 3416114, *5, 2009 U.S. Dist. LEXIS 96760 (S.D.Cal., Oct. 20, 2009) ("the Court finds that the second notice sent to Plaintiff overshadowed the disclosure of rights in the first notice and violated sections 1692g(b) and 1692e(10).") Also, Defendants' Motion for Summary Judgment was granted as to Plaintiff's FDCPA claims under 15 U.S.C. §§ 1692f(1), 1692e(1), 1692e(2)(A), and 1692e(2)(B) as well as Plaintiff's Rosenthal Fair Debt Collection Practices Act, Cal. Civil Code §§1788, *et seq.*, claims. CCC's Motion for Summary Judgment was denied as to Ms. Durham's FDCPA claims under 15 U.S.C. §§1692g and 1692e(10). Plaintiff's motion for class certification was denied without prejudice. *Id.* at *8.

### III.   STANDARD FOR CLASS CERTIFICATION

In order for a class to be certified all four requirements of Rule 23(a) must be satisfied along with one of the three categories of Rule 23(b). *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 117 S.Ct. 2231, 2245, 138 L.Ed.2d 689 (1997); *Zinser v. Accufix Research Inst., Inc.*, 253 F.3d 1180, 1186 (9th Cir. 2001); *Keele v. Wexler*, 149 F.3d 589, 594 (7th Cir. 1998). "When evaluating a motion for class certification, the court accepts the allegations made in support of certification as true, and does not examine the merits of the case." *Blackie v. Barrack*, 524 F.2d 891, 901 n16 (9th Cir. 1975). Also, see: *Gonzales v. Arrow Fin. Servs. LLC*, 233 F.R.D. 577, 579-80 (S.D.Cal. 2006).

Congress expressly recognized the propriety of a class action under the FDCPA by providing special damage provisions and criteria in 15 U.S.C. §§1692k(a) and (b) for FDCPA class action cases. See *Abels v. JBC Legal Group, P.C.*, 227 F.R.D. 541, 544 (N.D.Cal. 2005); *Clark v. Bonded Adjustment Co.*, 204 F.R.D. 662 (E.D.Wash. 2002); *Irwin v. Mascott*, 186 F.R.D. 567 (N.D.Cal. 1999);

*Ballard v. Equifax Check Services, Inc.*, 186 F.R.D. 589 (E.D.Cal. 1999); *Duran v. Bureau of Yuma, Inc.*, 93 F.R.D. 607 (D.Ariz. 1982).

## IV. THE PROPOSED CLASS MEETS THE REQUIREMENTS FOR CERTIFICATION.

### 1. RULE 23(a)(1) – NUMEROSITY

This Court previously denied without prejudice certification of the "Overshadowing or Contradicting Class" stating "Plaintiff has not satisfied her burden of establishing the first requirement of Rule 23(a)-i.e., numerosity." *Durham v. Cont'l Cent. Credit*, supra 2009 WL 3416114 at *8. After completion of her fourth set of discovery Plaintiff now satisfies that requirement. CCC states that after sending Exhibit A "103 accounts that were sent letters in the form of Exhibit "B" within 30 days." Defendant Continental Central Credit, Inc.'s Response to Plaintiff's Specially Prepared Interrogatories Set No. Four (4), Response to Special Interrogatory No. 1, attached hereto as Appendix 1.

Rule 23(a)(1) of the Federal Rules of Civil Procedure requires that the class be "so numerous that joinder of all members is impracticable." *Gay v. Waiters and Dairy Lunchmen's Union*, 549 F.2d. 1330 (9th Cir. 1977). However, "impracticability does not mean impossibility." *Harris v. Palm Springs Alpine Estates, Inc.*, 329 F.2d 909, 913 (9th Cir. 1964); *see also Rabidoux v. Celani*, 987 F.2d 931, 935 (2d Cir. 1993). Class membership of forty or more routinely satisfies the numerosity requirement. See: *Jordan v. County of Los Angeles*, 669 F.2d 1311, 1319-20 (9th Cir. 1982), *vacated on other grounds*, 459 U.S. 810, 103 S.Ct. 35, 74 L.Ed.2d 48 (1982) (reversing the district court's denial of certification of proposed classes numbering 39, 64, and 71 members).

Thus, the numerosity requirement of Rule 23(a)(1) has been satisfied for the Overshadowing or Contradicting Class by CCC's admission that 103 accounts were sent Exhibit B within thirty days of sending Exhibit A..

## 2. RULE 23(a)(2) -- COMMONALITY

Rule 23(a)(2) requires that there be a common question of law or fact. A common nucleus of operative fact is usually enough to satisfy the commonality requirement of Rule 23(a)(2). *Hanlon v. Chrysler Corp.*, 150 F. 3d 1011, 1019 (9th Cir. 1998). Where the defendant has engaged in standardized conduct towards members of the proposed class by mailing to them allegedly illegal form letters or documents the commonality requirement is met. "Common nuclei of fact are typically manifest where, like in the case sub judice, the defendants have engaged in standardized conduct towards members of the proposed class by mailing to them allegedly illegal form letters or documents." *Keele v. Wexler*, 149 F. 3d 589, 594 (7th Cir. 1998) (citations omitted). "Class actions are generally appropriate where standardized documents are at issue." *Abels v. JBC Legal Group, P.C.*, supra at 543.

Not all factual or legal questions raised in the litigation need be common so long as at least one issue is common to all class members. *Hanlon v. Chrysler Corp.*, supra at 1019; *Baby Neal for and by Kanter v. Casey*, 43 F.3d 48, 56-57 (3d Cir. 1994). "A sufficient nexus is established if the claims or defenses of the class and the class representatives arise from the same event or pattern or practice and are based on the same legal theory." *Armstrong v. Davis*, 275 F. 3d 849, 868 (9th Cir. 2001).

There are common questions of law and fact common to the class, which questions predominate over any questions affecting only individual class members. All class members were sent Exhibits B within thirty (30) days of sending Exhibit A. As explained in Section II herein, the principal issues of law are whether CCC's practice of sending collection letters in the form of Exhibit B within thirty (30) days of sending Exhibit A contradicted or overshadowed the validation notice in violation of the FDCPA.

"To establish commonality, it is sufficient that plaintiff allege that all class members received the same collection letter." *Swanson v. Mid Am, Inc.*, 186

F.R.D. 665, 668 (M.D. Fla. 1999). "The plaintiff's and the class' claims arise from the defendant having sent the same debt collection letters resulting in the same alleged violations of the act. . . Therefore, the proposed class members share common questions of law and fact . . " *Silva v. National Telewire Corp.*, 2000 U.S.Dist.LEXIS 13986, *7-8 (D.N.H., Sep. 22, 2000). FDCPA claims based on standard language in documents or standard practices are well suited for class certification. *Keele v. Wexler*, supra at 594.

It is also important to note that there is no question in this case concerning the validity of the underlying debt. *Baker v. G.C. Services Corp.*, 677 F.2d 775, 777 (9th Cir. 1982) (FDCPA action was not contingent on the validity of the underlying debt); *McCarthy v. First City Bank*, 970 F.2d 45 (5th Cir. 1992) (same).

Thus, Ms. Durham has satisfied the commonality requirement of Rule 23(a)(2).

### 3.     RULE 23(a)(3) -- TYPICALITY

Rule 23(a)(3) requires that the claims of the named plaintiff be typical of the claims of the class. *Hanlon v. Chrysler Corp.*, 150 F.3d. 1011 (9th Cir. 1998).

> A plaintiff's claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members and his or her claims are based on the same legal theory. The typicality requirement may be satisfied even if there are factual distinctions between the claims of the named plaintiffs and those of other class members. Thus, similarity of legal theory may control even in the face of differences of fact.

*Armstrong v. Davis*, supra at 869; *See also*, *Appleyard v. Wallace*, 754 F.2d 955, 958 (11th Cir. 1985); *Rossini v. Ogilvy & Mather, Inc.*, 798 F.2d 590, 598-600 (2d Cir. 1986); *Kornburg v. Carnival Cruise Lines, Inc.*, 741 F.2d 1332, 1337 (11th Cir. 1984); *Rosario v. Livaditis*, 963 F.2d 1013, 1018 (7th Cir. 1992); *Keele v. Wexler*, supra at 595.

The Northern District of California has stated, "Each of the class members was sent the same collection letter as [plaintiff] and each was allegedly subjected to the same violations of the FDCPA. Therefore, this Court concludes that claims of the class representative arc [sic] typical of the claims of the class." *Abels v. JBC Legal Group, P.C.*, supra at 545.

In the instant case, each of the class members were sent the same letters (Exhibits A and B) in violation the FDCPA.  Here, typicality is inherent in the class definitions, *i.e.*, each of the class members were subject to the same violations of the FDCPA as Ms. Durham.

Thus, the typicality requirement of Rule 23(a)(3) is satisfied for each class.

### 4.   RULE 23(a)(4) -- ADEQUACY OF REPRESENTATION

The Rule also requires that the named plaintiff provide fair and adequate protection for the interests of the class. *Epstein v. MCA, Inc.*, 179 F.3d. 641 (9th Cir. 1999).  That protection involves two factors:  (1) whether plaintiff's counsel are qualified, experienced, and generally able to conduct the proposed litigation, and (2) whether the plaintiffs have interests antagonistic to those of the class. *Lerwill v. Inflight Motion Pictures, Inc.*, 582 F. 2d 507, 512 (9th Cir 1978); *In re Drexel Burnham Lambert Group, Inc.*, 960 F.2d 285, 291 (2d Cir. 1992).

Ms. Durham understands her responsibilities as class representative. See Declaration of Sallie A. Durham in Support of Plaintiff's Second Motion for Class Certification.  She is represented by experienced counsel whose qualifications are set forth in the Declaration of Deborah L. Raymond and the Declaration of  O. Randolph Bragg.  The Northern District of California has stated, "it seems clear that the lead counsel for this lawsuit, O. Randolph Bragg, has been qualified and found competent to represent similar class actions." *Abels v. JBC*

*Legal Group, P.C.*, supra at 545.  Meanwhile, the Southern District has acknowledged:  "Plaintiff's counsel demonstrate they have sufficient experience to adequately represent the class members."  *Gonzales v. Arrow Fin. Servs. LLC*, supra at 583.

The second relevant consideration under Rule 23(a)(4) is whether the interests of the named plaintiff are coincident with the general interests of the class.  Ms. Durham and the class members seek statutory damages as well as equitable relief as the result of Defendants' unlawful collection notices.  Given the identical nature of the claims between Ms. Durham and the class members, there is no potential for conflicting interests in this action.  There is no antagonism between the interests of the named plaintiff and those of the class.

Thus, Ms. Durham has satisfied the representativeness requirement of Rule 23(a)(4).

### 5. COMMON QUESTIONS OF LAW OR FACT PREDOMINATE

Rule 23(b)(3) requires that the questions of law or fact common to all members of the class predominate over questions pertaining to individual members.  *Hanlon v. Chrysler Corp.*, supra at 1019.  This criterion is normally satisfied when there is an essential, common factual link between all class members and the defendant for which the law provides a remedy.  *Valentino v. Carter-Wallace, Inc.*, 97 F.3d 1227 (9th Cir. 1996); see also: *Silva v. National Telewire Corp.*, supra at *11 ("The standardized nature of the defendant's conduct satisfied the requirement for common questions of law or fact.").  In this case, the "common nucleus of operative fact," is that all class members, by definition, were subjected to Defendant's policy of sending collection letters in the form of Exhibit B within thirty days of sending Exhibit A in violation of the FDCPA.  The legal issues arising from Defendant's letters are the same for each class member.

Cases dealing with the legality of standardized documents and practices are generally appropriate for resolution by class action because the document is the focal point of the analysis.  See:  *Bogner v. Masari Investments, LLC*, 257 F.R.D. 529 (D.Ariz. 2009); *Gonzales v. Arrow Fin. Servs. LLC*, supra at 582; *Abels v. J.B.C. Legal Group, P.C.*, supra at 543; *Clark v. Bonded Adjustment Co.*, 204 F.R.D. 662 (E.D.Wash. 2002); *Littledove v. JBC & Assocs.*, 2001 U.S.Dist.LEXIS 139 (E.D.Cal., Jan. 11, 2001); *Ballard v. Equifax Check Services, Inc.*, 186 F.R.D. 589 (E.D.Cal. 1999); *Irwin v. Mascott*, 186 F.R.D. 567 (N.D.Cal. 1999).

Because of the standardized nature of CCC's conduct, common questions predominate.  "Predominance is a test readily met in certain cases alleging consumer . . . fraud. . . . "  *Amchem Prods. v. Windsor*, supra at 624.  In *Abels v. JBC Legal Group, P.C.*, supra, 227 F.R.D. at 547, the court stated in support of certifying the class:

> The common fact in this case is that the putative class members were subjected to Defendants' policy of sending collection letters, which are alleged to violate the FDCPA. Thus, the legal issues arising from Defendants' letters are the same for each class member. Here, the issues common to the class-namely, whether the Defendants' systematic policy of sending collection letters, and whether those letters violate FDCPA-are predominant. Plaintiff's Complaint centers around these issues.

The instant case is similar to *Abels*.  The only individual issue is the identification of the consumers who were subjected to CCC's practice and policy of sending Exhibit B within thirty (30) days of sending Exhibit A.  This is a matter capable of ministerial determination from the Defendants' records.  This is not the kind of problem that is a barrier to class certification.  In fact, CCC has identified 103 members of the class.  See Appendix 1.

In this case, it is clear that the factual issues and the issues of law of the class predominate over any individual questions.

F:\R\Durham\Class\Memorandum 2d 3.wpd                    Page 9

## 6.   A CLASS ACTION IS SUPERIOR TO OTHER AVAILABLE METHODS TO RESOLVE THIS CONTROVERSY.

Efficiency is the primary focus in determining whether the class action is the superior method for resolving the controversy presented. *Gete v. I.N.S.*, 121 F.3d 1285 (9th Cir. 1997).  The Court is required to determine the best available method for resolving the controversy and must "consider the interests of the individual members in controlling their own litigation, the desirability of concentrating the litigation in the particular forum, and the manageability of the class action." *Ballard v. Equifax Check Services, Inc.*, supra at 600.  It is proper for a court, in deciding the "best" available method, to consider the ". . . inability of the poor or uninformed to enforce their rights, and the improbability that large numbers of class members would possess the initiative to litigate individually." *Haynes v. Logan Furniture Mart, Inc.*, 503 F.2d 1161, 1165 (7th Cir. 1974).

In this case there is no better method available for the adjudication of the claims which might be brought by each individual debtor subjected to Defendant's practice.  *Clark v. Bonded Adjustment Co.*, supra at 666.  Class actions are a more efficient and consistent means of trying the legality of a collection letter.  *Ballard v. Equifax Check Services, Inc.*, 186 F.R.D. 589 (E.D.Cal. 1999); *Brink v. First Credit Resources*, 185 F.R.D. 567 (D.Ariz. 1999).

The efficacy of consumer class actions is recognized particularly where the individual's claim is small.

> In this instance, the alternative methods of resolution are individual claims for a small amount of consequential damages or latch replacement...Thus, many claims could not be successfully asserted individually.  Even if efficacious, these claims would not only unnecessarily burden the judiciary, but would prove uneconomic for potential plaintiffs.  In most cases, litigation costs would dwarf potential recovery.  In this sense, the proposed class action is paradigmatic.  A fair examination of alternatives can only result in the apodictic conclusion that a class action is the clearly preferred procedure in this case.

*Hanlon v. Chrysler Corp.*, supra at 1023. Moreover, "the size of any individual damages claims under the FDCPA are usually so small that there is little incentive to sue individually." *Ballard v. Equifax Check Services, Inc.*, supra at 600 (citations omitted).

Class certification of this FDCPA action will provide an efficient and appropriate resolution of the controversy. See *Irwin v. Mascott*, supra; *Ballard v. Equifax Check Services, Inc.*, supra. Thus, certification of the proposed class in this action is the superior method to resolve the controversy presented here.

### 7. CLASS CERTIFICATION PURSUANT TO RULE 23(b)(2) IS ALSO APPROPRIATE.

An action may be maintained as a class action under Rule 23(b)(2) if:

> the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole. . .

Several FDCPA actions have been certified pursuant to Rule 23(b)(2). *del Campo v. Am. Corrective Counseling Servs., Inc.*, 254 F.R.D. 585, 595-96 (N.D.Cal. 2008); *Hunt v. Check Recovery Sys.*, 241 F.R.D. 505, 512-13 (N.D.Cal. 2007); *Gonzales v. Arrow Fin. Servs. LLC*, supra at 583; *Schwarm v. Craighead*, 233 F.R.D. 655, 663 (E.D.Cal. 2006); *Swanson v. Mid Am, Inc.,* 186 F.R.D. 665 (M.D. Fla. 1999); *Borcherding-Dittloff v. Transworld Systems, Inc.*, 185 F.R.D. 558, 565-66 (W.D. Wis., 1999); *Gammon v. GC Services Ltd. Partnership*, 162 F.R.D. 313, 319-322. (N.D.Ill. 1995).

In *Gammon v. GC Services Ltd. Partnership*, supra, 319-322, the court certified a class in an FDCPA action for declaratory relief. Entry of a declaratory judgment is favored: "(1) when the judgment will serve a useful purpose in clarifying and settling the legal relations in issue, and (2) when it will terminate and afford relief from the uncertainty, insecurity, and controversy giving

rise to the proceeding." *Id*. at 320, quoting E. Borchard, *DECLARATORY JUDGMENTS* 299 (2d ed. 1941).

The archetypal case for Rule 23(b)(2) certification is one where policies applicable to a large number of persons are challenged as unlawful. This is true even in actions where the plaintiff's claim for declaratory and injunctive relief is accompanied by damages or retroactive relief claims. In *Probe v. State Teachers' Retirement System*, 780 F.2d 776, 780 (9th Cir. 1986), the Ninth Circuit held that certification of a suit in which male plaintiffs sought injunctive and declaratory relief concerning a retirement plan's use of sex-based mortality tables in calculating the benefits due under the plan is clearly appropriate under Rule 23(b)(2), even though the plaintiffs also sought individual damages and retroactive monetary relief. *See also Arnold v. United Artists Theatre Circuit, Inc.*, 158 F.R.D. 439, 458 (N.D.Cal. 1994), where plaintiffs alleged that United Artists theaters failed to make their theaters accessible to handicapped individuals, in violation of federal and state civil rights laws. The district court certified a class action under Rule 23(b)(2), even though plaintiffs sought individual damages for class members under federal and state law.

The declaratory relief sought in this action would declare CCC's practice of sending a letter in the form of Exhibit B within thirty (30) days of sending a letter in the form of Exhibit A to be in violation of the FDCPA. CCC has acted or refused to act on grounds generally applicable to the class, thereby making appropriate declaratory relief with respect to both classes as a whole. Thus, certification of this case to proceed as a class action pursuant to Rule 23(b)(2) is appropriate.

**8. CLASS CERTIFICATION AS A HYBRID CLASS COMBINING RULES 23(b)(2) WITH RULE 23(b)(3) IS REQUESTED.**

F:\R\Durham\Class\Memorandum 2d 3.wpd        Page 12

Plaintiff requests class certification combining both Rule 23(b)(2) and Rule 23(b)(3).  Hybrid class actions such as this have been certified where the best interests of the class members are served.  *Bracamonte v. Eskanos & Adler, et al.*, 2004 U.S. Dist. LEXIS 8520, *15 (N.D.Cal., May 7, 2004) ("the [23(b)(2) and 23(b)(3)] class action will protect the rights of individual class members who are unable or unwilling to protect themselves."); *Simon v. World Omni Leasing*, 146 F.R.D. 197, 202-203 (S.D.Ala. 1992) (declaratory judgment, injunctive relief, as well as actual and statutory damages are sought for the class members.)  Also, see: *del Campo v. Am. Corrective Counseling Servs., Inc.*, supra; *Hunt v. Check Recovery Sys.*, supra, 241 F.R.D. at 512.  Thus, the combination of Rule 23(b)(2) for declaratory relief and Rule 23(b)(3) for monetary damages is appropriate.  *Bogner v. Masari Investments, LLC*, 257 F.R.D. 529, 534 (D.Ariz. 2009); *Gonzales v. Arrow Fin. Servs. LLC*, supra at 583; *Schwarm v. Craighead*, supra at 663-65.

In this action declaratory relief as well as actual and statutory damages are sought for the class members.  Thus, the combination of Rule 23(b)(2) for equitable relief and Rule 23(b)(3) for monetary damages is the most efficient way to resolve this litigation.  See: *Bracamonte v. Eskanos & Adler, et al.*, supra at *15; *Littledove v. JBC & Assocs.*, supra at *13-*17; *Ballard v. Equifax Check Services, Inc.*, supra at 596 and 600.  This action may be maintained as a hybrid class action for both classes combining the elements of Rule 23(b)(2) and (3). *Irwin v. Mascott*, 96 F.Supp.2d 968 (N.D.Cal. 1999).

### V.   CONCLUSION

| | |
|---|---|
| 1 | The proposed class meets the requirements of Rules 23(a) as well as |
| 2 | Rule 23(b)(3) and (b)(2).  Plaintiff Sallie A. Durham respectfully requests that the |
| 3 | Court certify this action to proceed as a class action. |

Respectfully submitted,

  S/ O. Randolph Bragg
O. Randolph Bragg
HORWITZ, HORWITZ & ASSOC.
25 E Washington St Ste 900
Chicago IL 60602
(312) 372-8822
(312) 372-1673 (Facsimile)

Deborah L. Raymond
LAW OFFICES OF DEBORAH L. RAYMOND
445 Marine View Avenue, Suite 305
Del Mar, CA 92014
(858) 481-959
(858) 547-9880 (Facsimile)

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I, O. Randolph Bragg, hereby certify that on February 4, 2010, I caused a copy of the foregoing document to be sent via Electronic Case Filing (ECF) to:

Michael E. Williams
Attorney at Law
5611 Palmer Way, Ste. G2
Carlsbad, CA 92010

ATTORNEY FOR DEFENDANTS


_S/ O. Randolph Bragg_
O. Randolph Bragg