UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SALLIE A. DURHAM, an individual on behalf of herself and all others similarly situated,<br><br>                      Plaintiff,<br>v.<br><br>CONTINENTAL CENTRAL CREDIT, INC. et al.,<br><br>                      Defendants. | Case No. 07cv1763 BTM (WMc)<br><br>**ORDER: (1) GRANTING *EX PARTE* JOINT MOTION FOR CORRECTION AND (2) MODIFYING ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT [DOC. NO. 85]** |

The Court has received the Joint Motion for Correction of the Court's January 3, 2011 Order Granting Preliminary Approval of the Proposed Settlement. [Doc. No. 84.] The parties' joint motion to modify the order is **GRANTED**. The Court hereby issues a modified Order Granting Preliminary Approval of Class Action Settlement to correct an invalid address, which was erroneously provided by the parties in their proposed preliminary approval order and thereafter included in the Court's January 3, 2011 Order. [*See* Fed R. Civ. P. 60(a).]

**I. INTRODUCTION**

On November 23, 2010, Plaintiff Sallie A. Durham ("Plaintiff or "class representative") and Defendant Continental Central Credit, Inc. ("Defendant" or "CCC") filed a Joint Motion requesting the Court: (1) grant preliminary approval of the proposed settlement; (2) approve the form and manner of providing notice to the settlement class and (3) schedule a date for the final fairness approval hearing. [Doc. No. 81.] The Court has reviewed all papers filed in support of the Joint Motion and hereby **GRANTS** the Joint Motion.

## II. FACTUAL AND PROCEDURAL BACKGROUND

On September 7, 2007, Plaintiff filed a class action complaint against CCC, asserting claims under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692. Plaintiff alleged CCC's correspondence to consumers contradicted consumer's rights notices required by 15 U.S.C. 1692g(a).

On March 20, 2008, the Court found Plaintiff stated a claim for violation of the Fair Debt Collection Practices Act and the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §§ 1788 *et seq*. [Doc. No. 21.] On May 5, 2009, Plaintiff filed a Motion for Class Certification. {Doc. No. 43.] On October 20, 2009, the Court denied Plaintiff's Motion for Class Certification without prejudice. [Doc. No. 59.] On February 4, 2010, Plaintiff filed a second Motion for Class Certification. [Doc. No. 64.] On July 14, 2010, the Court granted Plaintiff's Second Motion for Class Certification and in accordance with Rule 23(b)(3) certified the "Overshadowing or Contradicting Class" consisting of: (i) all natural persons with California address to whom (ii) Defendant CCC sent a letter in the form of Exhibit B to the FAC (iii) within 30 days of sending a letter in the form of Exhibit A to the FAC, as shown by the records of CCC (iv) on or after September 7, 2006 (v) in an attempt to collect a debt incurred for personal, family, or household purposes allegedly due for a nonprofit home owners or vacation owners association fees (vi) which was not returned by the U.S. Postal Service. [Doc. No. 74.

On October 13, 2010, the parties filed a notice of settlement. [Doc. No. 79.] On November 23, 2010, the parties filed the instant Joint Motion for Preliminary Approval of Class Action Settlement. [Doc. No. 81.]

## III. THE PROPOSED SETTLEMENT

The class settlement fund is Seventeen Thousand Seven Hundred Fifty dollars ($17,750.00). The pro-rata share of the 97 class members will be $182.99. The entire class fund of $17,750.00 will be exhausted in settlement payments to the class without the need for class members to claim in. Plaintiff will receive $1,000 representing statutory damages under the Fair Debt Collection Practices Act and a $3,000 incentive award for a total of $4,000. Funds from any returned or un-cashed settlement checks shall be paid equally to National Consumer Law

Center and National Association of Consumer Advocates as a *cy pres* award for use in consumer representation and education.

**IV. PRELIMINARY APPROVAL OF THE SETTLEMENT**

Federal Rule of Civil Procedure 23(e)(1) requires the Court to determine whether a settlement is "fair, reasonable, and adequate." To make this determination, the court considers certain factors: (1) the strength of the plaintiff's case and the risk, expense, complexity, and likely duration of further litigation; (2) the risk of maintaining class action status throughout trial; (3) the amount offered in settlement; (4) the extent of discovery completed, and the stage of the proceedings, and (5) the experience and views of counsel. *Staton v. Boeing Co.*, 327 F.3d 938, 959 (9th Cir. 2003) quoting *Molski v. Gleich*, 318 F.3d 937, 953 (9th Cir. 2003). In addition, the settlement may not be the product of collusion among the negotiating parties. *In re Mego Financial Corp. Sec. Litig.*, 213 F.3d 454, 458 (9th Cir. 2000).

Court approval of a class action settlement involves a two-step process: (1) preliminary approval, and (2) final approval of the settlement after notice to the class. *See Manual for Complex Litigation Fourth* § 21.632 (2004); *Torrisi v. Tucson Elec. Power Co.*, 8 F.3d 1370, 1377 (9th Cir. 1993) (acknowledging the district court's use of the preliminary approval process.)

After a preliminary fairness evaluation, class members must receive notice and have an opportunity to be heard as to the terms of the proposed settlement. Therefore, the Court need not review the settlement in detail at this time; instead preliminary approval is appropriate so long as the proposed settlement falls "within the range of possible judicial approval." A. Conte & H.B. Newberg, *Newberg on Class Actions*, § 11.25 (4th ed. 2002), quoting *Manual for Complex Litigation Third* § 30.41 (1997). Accordingly, for this preliminary fairness evaluation, the Court will consider whether the settlement is within the range of possible approval such that there "is any reason to notify the class members of the proposed settlement and to proceed with a fairness hearing." *Armstrong v. Board of School Directors,* 616 F.2d 305, 314 (7th Cir. 1980). After consideration of the settlement proposal, the Court has determined there is reason to provide notice to the class members of the proposed settlement and schedule a fairness hearing.

### A. The Strength of Plaintiff's Case and the Risks of Further Litigation

Plaintiffs assert their claims are meritorious and note the district court's finding that "Plaintiff has established KCI USA violated sections 1692g and 1692(e)(10)." *See Durham v. Cont'l Cent. Credit*, 2009 WL 3416114, *6, 2009 U.S. Dist. LEXIS 96769 (S.D. Cal., Oct. 20, 2009) [Doc. No. 58.] Nevertheless, faced with the risks of demonstrating the elements of the claim and statutory damages if litigation were to continue, as well as the costs of any continued litigation and appeals, Plaintiffs point to the benefit in immediate resolution of the dispute when weighed against the mere potential of a better recovery. The Court agrees and finds these factors weigh in favor of preliminary approval.

### B. The Amount Offered in Settlement

If Plaintiff were to prove CCC's liability at trial, the Fair Debt Collection Practices Act's cap on damages would limit class recovery to the lesser of $500,00 or 1% of a defendant's net worth. 15 U.S.C. § 1692k(2). Given CCC's $1.75 million net worth, the proposed settlement of $17,750.00 represents 1% of CCC's net worth, which is the maximum recovery under the statute. Accordingly, the Court finds this factor weighs in favor of preliminary approval.

### C. The Absence of Collusion

The Court must also evaluate whether the proposed settlement is the result of misconduct by negotiators or improper incentives for certain class members to the detriment of other class members. *Staton v. Boeing Co.*, 327 F.3d 938, 960 (9th Cir. 2003). Here, there is no evidence of overt misconduct. The settlement was negotiated by experienced class counsel. [*See* Decl. of R. Bragg at Doc. No. 43-7.] In addition, the proposed incentive award to the class representative, as is contemplated in the instant case, is customary in class actions and approved by federal courts to compensate named plaintiffs for the services they provide. *Id.* at 977. Moreover, pursuant to paragraph 10(d) of the proposed Settlement Agreement, Defendant has agreed to pay Class Counsel's reasonable attorneys' fees, costs and expenses subject to court approval. Having found no evidence of misconduct or impropriety, the Court finds this factor weighs in

favor or preliminary approval.

### D. The Stage of Proceedings and the Amount of Discovery Completed

The Court must evaluate whether "the parties have sufficient information to make an informed decision about settlement." *Linney v. Cellular Alaska Partnership*, 151 F.3d 1234, 1239 (9th Cir. 1998). Here, the parties conducted formal discovery including requests for admissions, interrogatories, document requests and depositions. In addition, diligent investigation into the facts of the case has provided information on putative class members as well as data about CCC's net worth. Procedurally, the matter has been certified to proceed as a class action and the District Court has ruled on the merits of Defendant's Motion for Summary Judgment as to collection fees. Accordingly, the Court finds the parties have conducted an in-depth analysis of their claims and defenses and possess adequate information to make an informed decision about settlement. Consequently, this factor supports preliminary approval of the proposed settlement.

### E. Experience and Views of Counsel

Class counsel has extensive experience in consumer class actions, including practice and scholarship specific to issues of Fair Debt Collection. [*See* Decl. of R. Bragg at Doc. No. 43-7.] Counsel believes the settlement is fair, reasonable and adequate. [Doc. No 81-5 at 16.] Accordingly, this factor weighs in favor of preliminary approval.

### F. Class Notice

The class notice must: (1) be reasonably calculated to notify interested parties of the action and provide an opportunity for them to present objections, and (2) satisfy the content requirements of Rule 23(c)(2)(b). *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). Federal Rule of Civil Procedure 23( c )(2)(B) requires the notice to provide the following information:

> "(i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues or defenses; (iv) that a class member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the class any member who

requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Rule 23( c) (3)."

### 1. Manner of Class Notice

The proposed class notice will be sent to the last known address of the class members as updated through the National Change of Address system (NCOA).  In addition, class counsel shall mail notice to class members and shall re-mail any notice that is returned with a forwarding address.  Any class members who desire to exclude themselves from the action must mail a request for exclusion to First Class, Inc., 5310 W. Roosevelt Road, Suite 222, Chicago, Illinois.  Any class members who wish to object to the settlement must file a written objection to the Clerk of the Court, U.S. District Court, Southern District of California, 880 Front Street, Suite 4290, San Diego, Ca. 92101 and mail a copy thereof to Class Counsel and counsel for CCC.  Objectors who have filed written objections to the settlement may also appear at the hearing and be heard on the fairness of the settlement. The Court finds the mailing of notice to the class members is reasonably calculated to notify any interested parties of the action and provides, as required by Rule 23 of the Federal Rules of Civil Procedure, pertinent information for class members to present objections, if any, to the proposed settlement. [*See* Doc. No. 81-3, Proposed Preliminary Approval Order.]

### 2. Content of Class Notice

The Court finds the content of the proposed notice satisfactory. [*See* Doc. No. 81-2, Proposed Notice to Class Members.]   The notice contains the information required by Federal Rule 23 including detailed information about the history and subject matter of the litigation and the settlement.  Specifically, the notice provides information for those who want to exercise the following options: (1) opt out of the settlement, (2) remain in the class and object to the terms of the settlement, (3) remain in the class and elect to be represented by counsel of their own choosing, and (4) remain in the class and do nothing.  Accordingly, the Court finds the content of

the proposed notice satisfies the content requirements set forth by Rule 23 of the Federal Rules of Civil Procedure.

## G. CONCLUSION

For the foregoing reasons and good cause appearing, IT IS HEREBY ORDERED:

1. Preliminary approval of the proposed settlement is GRANTED;

2. The form and manner of notice is approved;

3. Notice shall be mailed within 30 days from the date of entry of the instant Order;

4. Any objections to the proposed settlement shall be filed no later than 60 days from the notice date;

5. Exclusion forms must be submitted no later than 60 days from the notice date;

6. The settlement is deemed filed as of the date of the instant Order for purposes of providing notice to the appropriate state and federal officials pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715, and;

**7. The parties shall contact the chambers of the Honorable Barry T. Moskowitz without delay to schedule a hearing on the question of whether the proposed settlement should be finally approved as fair, reasonable and adequate to the class.**

**IT IS SO ORDERED.**

DATED: January 10, 2011

_____

Hon. William McCurine, Jr.
U.S. Magistrate Judge, U.S. District Court