# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SALLIE A. DURHAM, an individual on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br>v.<br>CONTINENTAL CENTRAL CREDIT, INC.,<br><br>Defendant. | Case No. 07cv1763 BTM(WMc)<br><br>**ORDER GRANTING JOINT MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT** |

The parties have filed a joint motion for final approval of class action settlement. On June 1, 2011, the Court held a hearing on the motion. For the reasons set forth below, the joint motion is **GRANTED**.

## I. BACKGROUND

On September 7, 2007, Plaintiff Sallie A. Durham filed a class action complaint against Continental Central Credit ("CCC"), asserting class claims under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq. Specifically, Plaintiff alleges that CCC violated the FDCPA by sending Plaintiff and the other class members a letter in the form of Exhibit B to the FAC ("Exhibit B letter") within 30 days of sending a letter in the form of Exhibit A to the FAC ("Exhibit A letter").

In an order filed on July 14, 2010, the Court granted Plaintiff's motion for class certification. Pursuant to Rule 23(b)(3), the Court certified the "Overshadowing or Contradicting Class" consisting of: (i) all natural persons with California addresses to whom (ii) Defendant CCC sent a letter in the form of Exhibit B to the FAC (iii) within 30 days of sending a letter in the form of Exhibit A to the FAC, as shown by the records of CCC (iv) on or after September 7, 2006 (v) in an attempt to collect a debt incurred for personal, family, or household purposes allegedly due for a nonprofit home owners or vacation owners association fees (vi) which was not returned by the U.S. Postal Service.

On October 12, 2010, the parties entered into a Class Action Settlement Agreement.

On January 3, 2011, Magistrate Judge McCurine granted preliminary approval of the class action settlement, approved the form and manner of notice to the class, and set deadlines for the mailing of the notice to the class, the filing of any objections to the settlement, and the submission of exclusion forms and claim forms.

On February 4, 2011, the Claims Administrator mailed the notice of settlement to the 97 class members. A total of 21 notices were returned by the post office as undeliverable. No requests for exclusion or objections were received by the class administrator. No class members appeared at the June 1, 2011 hearing on the motion for final approval of the settlement.

## II. DISCUSSION

The Court has reviewed the terms of the settlement and, as discussed below, finds that the proposed settlement is fair, reasonable, and adequate. Therefore, the joint motion for final approval of the settlement is granted.

A court may approve a settlement upon finding that it is fair, reasonable, and adequate. Fed. R. Civ. P. 23(e)(2). In determining whether a proposed class action settlement is fair, reasonable, and adequate, a court may consider some or all of the following factors: (1) the strength of the plaintiff's case; (2) the risk, expense, complexity and likely duration of further litigation; (3) the risk of maintaining class action status throughout

the trial; (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of the proceedings; (6) the experience and view of counsel; (7) the presence of a governmental participant; and (8) the reaction of the class members to the proposed settlement. Linney v. Cellular Alaska P'ship, 151 F.3d 1234, 1242 (9th Cir. 1998).

The material terms of the proposed settlement are as follows:

- CCC must pay Ms. Durham $1,000 in statutory damages plus $3,000 as an incentive award for a total of $4,000.00.
- CCC must pay to the Class Members who did not exclude themselves from the Class a pro-rata share of a $17,750 settlement fund.
- From any settlement checks that are returned or remain uncashed within 120 days of this Order, CCC shall pay a *cy pres* award equally to National Consumer Law Center and National Association of Consumer Advocates for use in consumer representation and education funds.
- Class Counsel shall file any motion for an award for their attorney's fees, costs, and expenses incurred in this action no later than thirty (30) days from the date of this Order.

The class settlement fund is in the amount of $17,750, which equals the maximum recovery under 15 U.S.C. § 1692k(a)(2)(B). Section 1692k(a)(2)(B) provides for recovery in class actions of an amount not to exceed the lesser of $500,000 or 1 percent of the net worth of the debt collector. CCC's net worth is estimated at $ 1.75 million. Therefore, the class would not obtain a more favorable recovery even if it prevailed at trial. Accordingly, the Court finds that the amount of the class settlement fund is fair and reasonable.

The incentive award of $4,000 is also reasonable. As the sole named plaintiff, Ms. Durham was required to devote time and effort to the case for the benefit of the class. The incentive award is appropriate compensation for Ms. Durham's participation in the litigation.

The class members were reasonably notified of the settlement as required by Fed. R. Civ. P. 23(e)(1). No class member has objected to the settlement or sought to be excluded from the class.

The Court concludes that the proposed settlement is fair, reasonable and adequate and grants final approval of the settlement.

### III. CONCLUSION

For the reasons discussed above, the joint motion for final approval of class action settlement [Doc. No. 87] is **GRANTED**. This action is hereby **DISMISSED WITH PREJUDICE**. The Court retains jurisdiction over the enforcement of the settlement agreement. The Clerk shall enter judgment accordingly.

The pending motion for summary judgment [Doc. No. 78] is **DENIED AS MOOT**. Plaintiff shall have 30 days from the entry of this Order to file a motion for attorney's fees and costs. The Court sets the hearing on such motion for **August 5, 2011 at 11:00 a.m.** Unless otherwise directed by the Court, there shall be no oral argument and no personal appearances are necessary.

**IT IS SO ORDERED.**

DATED: June 2, 2011

_____
Honorable Barry Ted Moskowitz
United States District Judge