# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

SALLIE A. DURHAM, an individual on behalf of herself and all others similarly situated,

Plaintiff,

v.

CONTINENTAL CENTRAL CREDIT, et al.,

Defendants.

CASE NO. 07cv1763 BTM(WMc)

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND EXPENSES**

Plaintiff has filed a motion for an award of attorney's fees and expenses.  For the reasons set forth below, Plaintiff's motion is **GRANTED IN PART** and **DENIED IN PART**.

## I. BACKGROUND

This action arises out of attempts by Continental Central Credit, Inc. ("CCC") to collect amounts assessed against Plaintiff by San Clemente Cove Vacation Owners Association.

In her original complaint, filed on September 7, 2007, Plaintiff, suing on behalf of herself and a class of similarly situated individuals, asserted claims for violation of the Federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692, et seq., and California's Robbins-Rosenthal Fair Debt Collect Practices Act ("RFDCPA"), Cal. Civil Code §§ 1788.17, 1788.13(e).  Plaintiff's claims were primarily based on Defendants' attempts to

1    collect an allegedly unlawful collection fee.

2         In her First Amended Complaint ("FAC"), filed on November 30, 2007, Plaintiff added

3    allegations that CCC violated the FDCPA – 15 U.S.C. § 1692e(10), 1692g –  by sending,

4    less than 30 days after sending an initial notice of debt, a second collection notice that

5    overshadowed the disclosure of rights in the first notice.

6         On January 2, 2008, Plaintiff requested dismissal of defendant Vacation Resorts

7    International.

8         In an order filed on March 20, 2008, the Court denied Defendants' motion to dismiss

9    under Fed. R. Civ. P. 12(b)(6).

10        In an order filed on October 20, 2009, the Court granted summary judgment in favor

11   of Defendants on Plaintiff's claim that Defendants violated the FDCPA by attempting to

12   collect a collection fee equal to 40% of the outstanding principal.  The Court held that

13   Plaintiff had failed to establish that such collection fee was prohibited by law.  The Court also

14   granted summary judgment in favor of Defendants on Plaintiff's RFDCPA claim because the

15   underlying debt was not owed in connection with a "consumer credit transaction," as required

16   by Cal. Civil Code § 1788.2(f).  The Court denied Defendants' motion for summary judgment

17   with respect to Plaintiff's claim that CCC violated the FDCPA by sending Plaintiff a letter in

18   the form of Exhibit B to the FAC ("Exhibit B letter") within 30 days of sending Plaintiff a letter

19   in the form of Exhibit A to the FAC ("Exhibit A letter").  The Court held that the Exhibit B

20   letter, which demanded immediate payment, overshadowed the Exhibit A letter's notice to

21   Plaintiff of her right to dispute the debt within 30 days after receipt of the letter.  The Court

22   further held that CCC was not entitled to summary judgment based on its bona fide error

23   defense under 15 U.S.C. § 1692k(c).

24        In its October 20, 2009 order, the Court also denied without prejudice Plaintiff's

25   motion for class certification with respect to the "Overshadowing or Contradicting Class."

26   The Court explained that Plaintiff had failed to satisfy her burden of establishing that the

27   class was so numerous that joinder of all members was impracticable.

28

07cv1763 BTM(WMc)

1    In an order filed on July 14, 2010, the Court granted Plaintiff's second motion for class
2    certification.  The Court certified the "Overshadowing or Contradicting Class" under Fed. R.
3    Civ. P. 23(b)(3).

4    On September 7, 2010, Plaintiff filed a motion for summary judgment on her
5    remaining FDCPA claim.  The Court never ruled upon the motion due to a settlement
6    between the parties.

7    On October 12, 2010, the parties entered into a Class Action Settlement Agreement.
8    In an order filed on June 2, 2011, the Court granted the parties' joint motion for
9    approval of class action settlement.  Under the terms of the settlement, CCC is obligated to
10   pay Ms. Durham $1,000 in statutory damages plus an incentive award of $3,000.  CCC must
11   also pay to the Class Members who have not excluded themselves from the Class a pro-rata
12   share of a settlement fund in the amount of $17,750.  The amount of the settlement fund
13   equals the maximum recovery under 15 U.S.C. § 1692k(a)(2)(B) (the lesser of $500,000 or
14   1 percent of the net worth of the debt collector).  The parties reached no agreement as to
15   the amount of attorney's fees recoverable by Class Counsel.

16
17
18                              **II.  <u>DISCUSSION</u>**

19   As the prevailing party on the FDCPA claim regarding the overshadowing notice,
20   Plaintiff is entitled to reasonable attorney's fees.  15 U.S.C. § 1692k(a)(3).  Plaintiff requests
21   an award of $42,775 for work performed by Deborah L. Raymond and $134,004.60 for work
22   performed by O. Randolph Bragg and his paralegal.  Plaintiff also seeks costs in the amount
23   of $5,995.79 ($495 incurred by Ms. Raymond and $5,500.79 incurred by Mr. Bragg's firm).
24   The Court reduces the fees and costs as set forth below.

25
26   A.  <u>Attorney's Fees</u>

27   Under federal fee-shifting statutes,  the lodestar approach is the "guiding light" in
28   determining a reasonable fee.  <u>Perdue v. Kenny A.</u>, 599 U.S. __, 130 S.Ct. 1662, 1672

                                            3

1    (2010).  To calculate the "lodestar," the court multiplies the appropriate hourly rate for the

2    work performed by the number of hours reasonably expended on the work.  Id.  Although

3    the lodestar calculation may be increased in "rare" and "exceptional" circumstances, there

4    is a "strong" presumption that the lodestar amount is sufficient.  Id. at 1673.

5

6              1.  Hourly Rate

7         Mr. Bragg, an attorney with over 35 years of experience and a practice devoted to

8    consumer issues, seeks an hourly rate of $480 per hour.  The claimed hourly rate for Mr.

9    Bragg's paralegal, Shannon Carter, is $120.  Ms. Raymond, an attorney with 17 years of

10   experience, whose work focuses on cases involving consumer financial issues, seeks an

11   hourly rate of $400 per hour.

12        The lodestar method looks to the "prevailing market rates in the relevant community."

13   Blum v. Stenson, 465 U.S. 886, 895 (1984).  The Court is not convinced that the claimed

14   rates of Mr. Bragg and Ms. Raymond are consistent with the prevailing market rates in San

15   Diego for the type of work involved in this case.[1]  The rates approved in other FDCPA cases

16   brought in San Diego are significantly lower.  For example, in Catala v. Resurgent Capital

17   Services L.P., 2010 WL 2524158, at * 7 (S.D. Cal. June 22, 2010),  the Court approved the

18   following rates for Plaintiff's counsel's law firm, Hyde & Swigart, which has an almost

19   exclusive practice in debt collection abuse litigation: $355 for partners, $225-$275 for

20   associates, and $95-$125 for support staff.[2]  See also Hunter v. Oasis Financial Solutions,

21   LLC, 2011 WL 1559256 (S.D. Cal. Apr. 25, 2011) (lead counsel sought billing rate of $300

22   per hour); Gold v. NCO Fin. Sys., Inc., 2010 WL 3339498 (S.D. Cal. Aug. 23, 2010)

23   _____

24        [1]  Mr. Bragg cites to a couple of Northern District of California cases in which his
     hourly rate was approved.  However, the Northern District is not the relevant community.  Ms.
25   Raymond relies on the United States Consumer Law Attorney Fee Survey Report 2010-2011
     by Ronald L. Burdge.  According to this report, the median California attorney hourly rate is
26   $412.  The report is of limited usefulness because the report does not beak down the hourly
     rates by region within California.

27        [2]  Robert L. Hyde submitted a declaration in support of Plaintiff's motion for attorney's
     fees.  In his declaration, Hyde opines that the rates sought by Ms. Raymond and Mr. Bragg
28   are reasonable.  However, Hyde does not set forth a factual basis for his opinion and does
     not discuss the rates his firm charges for attorneys with comparable experience.

(approving hourly rates of $295 and $225 for counsel and local counsel).

Although this action was a class action, the legal issues were not complex.  The Court finds that a reasonable hourly fee for the work performed in this case is $375 for Mr. Bragg and $300 for Ms. Raymond.  The $120 hourly rate for Mr. Bragg's paralegal is reasonable.

## 2.  Reasonable Hours

In determining the number of hours reasonably expended on the litigation, the court should exclude hours that are excessive, redundant, or otherwise unnecessary.  Hensley v. Eckert, 461 U.S. 424, 434 (1983).   In cases where a plaintiff has achieved only partial or limited success, the district court may attempt to identify specific hours that should be eliminated or it may simply reduce the award to account for the limited success.  Id. at 436.

Here, Plaintiff achieved only partial success.  Plaintiff did not prevail on her separate and distinct FDCPA and RFDCPA claims based on the alleged unlawful collection fee.  It appears that the unsuccessful claims were the focus of the litigation before the Court issued its summary judgment order.  The ultimately successful claim was not introduced until the FAC was filed.  Plaintiff's opposition to the motion to dismiss the FAC contained only one paragraph regarding the overshadowing notice claim.  Similarly, Plaintiff's Opposition to Defendants' Motion for Summary Judgment was largely devoted to the unlawful collection fee claims and contained only three pages of argument regarding the overshadowing notice claim.

The Court finds that a 75% reduction of the hours expended by Mr. Bragg and Ms. Raymond on the litigation up to and including Defendant's summary judgment motion, is warranted.  The Court notes that Mr. Bragg voluntarily reduced his requested hours by 15%, and Ms. Raymond voluntarily reduced her requested hours by varying percentages, depending on the category of work.  The Court is not taking a 75% reduction on top of the reductions taken by the attorneys, but, rather, looks to the actual time billed to calculate the 75% reduction.

In addition, the Court strikes time expended by both attorneys on the first motion for

class certification, which was unsuccessful. The Court also strikes certain hours expended by Mr. Bragg.  Mr. Bragg billed a total of 15.7 hours for preparing the reply brief and an objection in support of the motion for class certification.  The Court will allow 10 hours for these tasks and strikes 5.7 hours as excessive.  The Court also subtracts an hour for multiple entries of .1 or more for reviewing minute entries and scheduling orders.  In his supplemental declaration, Mr. Bragg requests 30.1 hours for time spent on the litigation since June 11, 2011.  Almost all of this time was spent on the motion for attorney's fees and reply.  The Court will allow recovery of 12 of these hours.  The Court also strikes the travel time Mr. Bragg billed for traveling to San Diego to take two depositions, because it is unclear why Ms. Raymond, local counsel, could not handle the depositions.

Defendant CCC argues that the Court should also strike any time spent by Plaintiff's attorneys on Plaintiff's motion for summary judgment.  CCC argues that the Court had already ruled in Plaintiff's favor on her overshadowing notice claim.  However, denying Defendants' motion for summary judgment on the claim is not the same thing as granting a motion for summary judgment in favor of Plaintiff.  Plaintiff was entitled to bring her own motion for summary judgment to narrow the issues for trial.  The Court will allow the time expended in connection with Plaintiff's motion for summary judgment.

### 3. Lodestar Calculation

Taking into account the reductions set forth above, the lodestar calculations are as follows:

**Ms. Raymond**

| Hours approved | Description |
| --- | --- |
| 30 | 25% of 120 hours billed on or before 10/21/09 |
| 23.4 | Hours billed after 10/21/09 |
| 4.5 | Additional hours billed in connection with motion for attorney's fees |

Total hours

57.9

6

Lodestar calculation: 57.9 x $300 = $17,370

**Mr. Bragg**

| Hours approved | Description |
|---|---|
| 15.75 | 25% of 63 hours billed on and before 10/29/2009 |
| 78.4 | Hours billed after 10/29/09 |
| 12 | Hours billed since 6/11/11 |
| Total hours | |
| 106.15 | |

Lodestar calculation: 106.15 x $375 = $39,806.25

**Shannon Carter** (paralegal)

Lodestar calculation: 2.8 x $120 = $336

Defendant CCC argues that the lodestar amounts for Mr. Bragg and Ms. Raymond should be reduced because the amounts are disproportionate to the recovery of Plaintiff and the plaintiff class. The Court does not believe that disproportionality between the amount of attorney's fees and the amount of damages recovered by plaintiffs warrants a reduction of the lodestar sum in this case. In FDCPA cases, the expected recovery based on statutory damages is often small. Congress created an incentive for attorneys to represent plaintiffs in FDCPA cases by providing for fee-shifting. A requirement of proportionality between attorney's fees and damages would discourage attorneys from accepting representation of FDCPA plaintiffs and would be inconsistent with the FDCPA's statutory scheme. See Phenow v. Johnson, Rodenberg & Lauinger, PLLP, 766 F. Supp. 2d 955, 959 (D. Minn. 2011) (rejecting proportionality argument in FDCPA context); Rivera v. Corporate Receivables, Inc., 540 F. Supp. 2d 329, 338 (D. Conn. 2008) (same). The Court has already taken into account the degree of success of the litigation in determining the amount of hours

1    reasonably expended on the litigation.

2

3         B. <u>Costs</u>

4         Ms. Raymond incurred costs totaling $495 ($350 for filing fee and $145 for service

5    process).  These costs are approved.

6         Mr. Bragg incurred costs totaling $5,500.79. The Court approves $180 for

7    filing/appearance fees, $780.75 for costs associated with providing class notice, and $816.94

8    (25% of $3,267.76) for costs associated with depositions and discovery (<u>see</u> <u>Cummings v.</u>

9    <u>Connell</u>, 316 F.3d 886, 899 (9th Cir. 2003) (explaining that district court may reduce costs

10   to reflect limited success on the merits)).  The Court does not allow the travel costs for the

11   reasons discussed above in connection with Mr. Bragg's travel time.

12        The total amount of costs approved is $2,272.69.

13

14                              **III. CONCLUSION**

15        For the reasons discussed above, Plaintiff's motion for attorney's fees and costs is

16   **GRANTED PART** in **DENIED IN PART**.  The Court awards Plaintiff attorney's fees in the

17   amount of $57,512.25 and costs in the amount of $2,272.69.  The Clerk shall enter judgment

18   accordingly.

19   **IT IS SO ORDERED.**

20

     DATED:  December 27, 2011

21

22

23                              Honorable Barry Ted Moskowitz
                               United States District Judge
24

25

26

27

28

                                  8                              07cv1763 BTM(WMc)